IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBBIE ZELLO, | ) <br> ) <br> ) **Case No.:** <br> ) <br> ) <br> ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> ) <br> ) **(Unlawful Debt Collection Practices)** <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | |
| Defendant. | |

## COMPLAINT

DEBBIE ZELLO, ("Plaintiff") by her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in Cheshire, Connecticut 06410.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 135 Interstate Boulevard, Suite 6, Greenville, South Carolina 29615.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff.

11. The alleged debt, a personal credit card issued by First USA, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around May 2014 and continuing through June 2014, Defendant repeatedly and continuously called Plaintiff on her home telephone in its attempts to collect the alleged debt.

13. Defendant called Plaintiff, on average, once a day in its attempts to collect a debt.

14. For example, Defendant called Plaintiff on May 29, 2014, at 10:39 a.m.; May 31, 2014, at 10:31 a.m.; June 2, 2014, at 3:38 p.m.; June 3, 2014, at 8:16 a.m.; June 5, 2014, at 1:05 p.m.; and June 6, 2014, at 10:17 a.m.

15. In addition to its repetitive collection calls to Plaintiff, on or after May 7, 2014, Defendant sent written correspondence to Plaintiff seeking and demanding payment of the alleged debt. See Exhibit A, Defendant's May 7, 2014, collection letter.

16. Thereafter, on or about May 27, 2014, Plaintiff sent a written correspondence to Defendant, *via certified mail*, advising that she disputed the debt and to stop contacting her. See Exhibit B, Plaintiff's written letter to Defendant and Certified Mail Receipt.

17. Defendant received Plaintiff's letter on May 30, 2014. See Exhibit B.

18. Defendant, however, failed to update its records to cease the collection calls to Plaintiff.

19. Further, Defendant did not provide Plaintiff with validation of the debt.

20. Instead, Defendant persisted in calling Plaintiff in its attempts to collect the debt.

21. Specifically, Defendant called Plaintiff at the following dates and times: May 31, 2014, at 10:31 a.m.; June 2, 2014, at 3:38 p.m.; June 3, 2014, at 8:16 a.m.; June 5, 2014, at 1:05 p.m.; and June 6, 2014, at 10:17 a.m.

22. Plaintiff was extremely frustrated that Defendant continued to contact her after it had received her written demand to cease all communication and that she disputed the debt.

23. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(c).

    a.    A debt collector violates § 1692c(c) of the FDCPA by communicating with a consumer if the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

    b.    Here, Defendant violated § 1692c(c) of the FDCPA by continuing to call Plaintiff's home telephone after receiving her written demand to cease all communication with her.

## COUNT II

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it called Plaintiff, on average, once a day, numerous days

a week, with the intent to annoy, abuse and harass her, as it knew its calls were unwanted.

## COUNT III

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to stop the calls to Plaintiff's home telephone and investigating Plaintiff's dispute of the debt.

## COUNT IV

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(6).

    a. A debt collector violates §1692g(b) of the FDCPA by failing to cease collection of the debt, where the consumer notifies it in writing within the 30-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and

address of the original creditor, until it obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and such information is mailed to the consumer.

b. Here, Defendant violated §1692g(b) of the FDCPA by failing to cease collection of the debt after it received a written request for verification from Plaintiff and not providing verification of the debt to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBBIE ZELLO respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DEBBIE ZELLO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DEBBIE ZELLO
By her Attorney,

*/s/ Angela K. Troccoli*

Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: September 26, 2014